STATE v. ROLLY J. BRIDGES

(Filed 27 November, 1957)

Automobiles § 72—

    Evidence in this prosecution for operating a motor vehicle on a public highway while under the influence of intoxicating liquor *held* sufficient to overrule defendant's motion to nonsuit.

APPEAL by defendant from *Olive, J.,* April 29, 1957 Criminal Term of GUILFORD (Greensboro Division).

Defendant was tried in the Municipal-County Court of Guilford on a warrant charging the operation of a motor vehicle on the public highways while under the influence of intoxicating liquors. He was convicted, sentenced, and appealed to the Superior Court. He was tried in the Superior Court on the original warrant. The jury returned a verdict of guilty. From the judgment he appealed.

*Attorney General Patton and Assistant Attorney General Mc-Galliard for the State.*
    *Z. H. Howerton, Jr. for defendant appellant.*

PER CURIAM. Defendant took no exception to the evidence or charge. He relies solely on his motion to nonsuit.

A Ford truck traveling on Springwood Church Road ran off the road and into an embankment. There was evidence from one who heard and saw the wreck that defendant was driving the truck and was at the time, in the opinion of the witness, intoxicated. This evidence was supplemented and supported by statements made by defendant to a police officer who went to defendant's home to investigate, about an hour and a half after the wreck. The officer found the defendant in a drunken condition. The officer testified: "Mr. Bridges told us that he was driving the truck and that he didn't know as he was too drunk to operate, that he'd appreciate it if we would not charge him with it. He said he had been drinking three or four days and nights; you could smell alcohol on him after we got him awake and talked to him. He was unsteady on his feet—staggery; we had to aid him by holding to his arm to keep him from falling from the porch. I held his arm as he went into the station. He looked like he had not had any sleep in several days and he appeared to me to be red-eyed; his face was red and his speech was poor. In my opinion he was drunk."

There is no suggestion that this statement was not freely and voluntarily made. The subsequent statement by the defendant to a police officer that he had not consumed any alcoholic bever-

ages prior to the wreck, and that he only got drunk following the wreck merely presented a question of veracity to be passed on by the jury. Defendant's contentions were fully set forth in the charge. The jury, on plenary evidence coming in part from the defendant, has found him guilty. There is

No error.